UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ESTELLA TATE-BECKWITH : 
5101 Green Creek Terrace 
Glen Dale, Maryland  20769 :

    Plaintiff :

v. :   Case No.

TWENTY-EIGHT, INC., trading as :
AYT AUTO SERVICE, INC. 
620 I Street, N.W. :
Washington, D.C.  20001
 :
Serve on:
 :
Tian Zhu, Resident Agent 
2121 West Virginia Avenue, NE :
Washington, D.C.  20002

    Defendant
 :
******************************************************************

## COMPLAINT

COMES NOW, the Plaintiff, Estella Tate-Beckwith, by counsel Scott A. Bowling and Chapman & Bowling, LLC, to file this Complaint and says:

1. That the Plaintiff is an adult citizen of the state of Maryland.

2. That by information and belief, the Defendant, Twenty-Eight, Inc., is believed to be a corporation conducting business and with its principle place of business in Washington, D.C. and trading as "AYT Auto Service, Inc."

3. That venue is proper as this cause of action occurred in the District of Columbia.

4. That this Court has subject matter jurisdiction pursuant to 28 U.S.C. 1332.

5. That the parties present a diversity of citizenship and the amount in controversy exceeds $75,000.00.

6. That on or about July 22, 2015 at approximately 9:12 p.m., the Plaintiff was a passenger in a motor vehicle occupied and driven by Inez Whitmire.

7. That Ms. Whitmire was apparently traveling north on Interstate 85 and in the vicinity of Mile Marker 4 in the state of Georgia.

8. That without warning, the Defendant lost control of the motor vehicle causing it to leave the roadway, travel across the center line of the road and to the left side of the highway. After traveling off the road, Ms. Whitmire's vehicle was caused to overturn prior to coming to rest.

9. That by information and belief, Ms. Whitmire had contacted the Defendant, Twenty-Eight, Inc., trading as AYT Auto Service, Inc. (hereinafter referred to as "AYT Auto Service, Inc.") and arranged for an inspection of her motor vehicle prior to embarking on the trip to the state of Georgia.

10. That by information and belief, Ms. Whitmire scheduled the inspection on June 16, 2015.

11. That by information and belief, the Defendant performed a vehicle inspection for Ms. Whitmire which included an inspection of the tires, wheels, speed sensor, brakes and a "tune-up." It was noted, in writing, that Ms. Whitmire was "going on a long trip."

12. That by information and belief, the rear right tire installed on the Whitmire vehicle suffered a sudden and rapid loss of inflation pressure resulting in the vehicle entering an uncontrollable spin and subsequent collision with rollover.

13. That the rear tires installed to the Whitmire vehicle were approximately 9 years and 8 months old at the time that the right rear tire failed causing and precipitating a collision.

14. That the Whitmire vehicle, including the tires, were checked and serviced by the Defendant, AYT Auto Service, Inc., approximately one month and 2,664 miles prior to the subject tire failure and rollover collision.

15. That by information and belief, the tires installed on the subject vehicle showed significant deterioration which was readily observable during inspections by a qualified technician and a technician which would have been available by AYT Auto Service, Inc.

16. That the Defendant was negligent and breached the applicable standard of care which would be expected of a qualified technician, representative, repair person or other employee of AYT Auto Service, Inc. facility at the time that the Whitmire vehicle was inspected on June 16, 2015.

17. That the employees, representatives, agents and assigns of AYT Auto Service, Inc. facility were negligent in their inspection and service of the motor vehicle owned, driven and operated by Inez Whitmire on June 16, 2015.

18.     That as a direct and proximate result of the negligence and the breach of the applicable standard of care, the vehicle driven by Inez Whitmire on June 16, 2015 suffered the aforementioned sudden and rapid loss of inflation pressure causing the motor vehicle collision.

19.     That as a direct and proximate result of the negligence and breach of the applicable standard of care by the Defendant, AYT Auto Service, Inc., the Plaintiff, Estella Tate-Beckwith, suffered severe and debilitating injuries, fractures, lacerations, bruising and other injuries to her spine, back, limbs and head.

20.     That as a direct and proximate result of the injuries sustained by the Plaintiff, she was caused to undergo, experience and incur:

        A.     medical treatment;

        B.     medical expense;

        C.     lost wages;

        D.     permanent residual impairment;

        E.     non-economic damages to include pain, suffering, inconvenience and disfigurement.

WHEREFORE, the Plaintiff, Estella Tate-Beckwith, demands judgment against the Defendant, Twenty-Eight, Inc., trading as AYT Auto Service, Inc., in an amount in excess of Seventy-five Thousand Dollars ($75,000.00).

Respectfully submitted,

By: _____
Scott A. Bowling, Bar ID #10723
Attorney for Plaintiff
Chapman & Bowling, LLC
P.O. Box 610
La Plata, MD  20646
(301)934-9969

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury on all issues presented herein.

_____
Scott A. Bowling